## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| DASHANTE SCOTT JONES, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-957 (VAB) |
| | : | |
| v. | : | |
| | : | |
| JANE DOE, et al., | : | |
| Defendants. | : | |
| | : | JULY 9, 2015 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff, Dashante Scott Jones, currently incarcerated at the Cheshire Correctional

Institution in Cheshire, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983.  The

Complaint was received by the Court on June 22, 2015.  Mr. Jones's Motion to Proceed *In*

*Forma Pauperis*, ECF No. 2, was granted on June 25, 2015.  Order, ECF No. 6.  In this action,

Mr. Jones seeks assistance in obtaining a long-form birth certificate and information about his

ancestry.  Compl. at Stmt. of Case, ECF No. 1.

Under section 1915A of title 28 of the United States Code, the Court must review

prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.  In reviewing a *pro se* complaint, the Court must

assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants

fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.      Factual Allegations

Mr. Jones seeks information regarding his ancestry. Compl. at Stmt. of Case, ECF No. 1. He alleges that he is identified on Department of Correction ("DOC") records as black but states in his Complaint that he believes he is of mixed ancestry. *Id.* He alleges that he does not seek damages from any person, but would like funds or loans to assist his search and educational materials that can teach him about his nationality and its language. *Id.;* Compl. at Request for Relief. He also writes in the Complaint that he would like to use his DNA that is on record with the DOC to determine his racial composition and nationality. *Id.* He allegedly intends to use the information he obtains about his ancestry to correct his race on his birth certificate and other forms of identification and to obtain a religious name change. Compl. at Stmt. of Case. Mr. Jones also allegedly plans to share the information with his children and claims that he is "very unhappy and emotionaly [sic] damaged" because he does not know his ancestry. *Id.*

Mr. Jones alleges that he attempted to change his name while incarcerated "based on [his] religion of Islam." *Id.* He claims that the Probate Court told him that he needed a long-form

2

birth certificate to complete the name change.  *Id.*  He also alleges that per DOC policy, the

correctional facility only provides short-form birth certificates.  *Id.*

II.      Legal Analysis

As an initial matter, the Court notes that Mr. Jones has listed a second plaintiff, "D.N.A.

Diagnostic Center/D.N.A. of Dashante Scott Jones 267451" on the Complaint.  The DNA

Diagnostic Center is a provider of DNA testing services.   *See* DDC, DNA Diagnostic Center,

www.dnacenter.com (last visited June 26, 2015).[1]  Mr. Jones is proceeding *pro se*.  A *pro se*

litigant, who is not a lawyer, can represent only himself.  *See Berrios v. New York City Hous.*

*Auth.*, 564 F.3d 130, 133-34 (2d Cir. 2009) (citations omitted).   Accordingly, Mr. Jones cannot

assert any claims on behalf of DNA Diagnostic Center.  To the extent that DNA Diagnostic

Center is a corporation or partnership, it must appear through an attorney.  *See Rowland v.*

*California Men's Colony, Unit II Advisory Council*, 506 U.S. 194, 201-02 (1993) (citations

omitted) (the right to proceed *pro se* does not apply to corporations, partnerships or associations).

In addition, Federal Rule of Civil Procedure 11(a), requires that a complaint be signed by each

party or his attorney.  Because no one has signed the Complaint filed with the Court on behalf of

DNA Diagnostic Center and Mr. Jones cannot represent the entity because he is not a lawyer, the

company cannot be a Plaintiff in this action.

---

[1] "The Court generally has the discretion to take judicial notice of [I]nternet material."  *See*
*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921(DAB), 2013 WL
6670584, at *1 n.1 (S.D.N.Y. Mar. 29, 2013) (citations omitted); *Patsy's Italian Rest., Inc. v.*
*Banas,* 575 F. Supp.2d 427, 443 n.18 (E.D.N.Y. 2008) ("It is generally proper to take judicial
notice of articles and Web sites published on the Internet.") (citations omitted).

The Court also notes that the named Defendants are identified in the Complaint only as John or Jane Doe Name Change Long Form Birth Cert and John or Jane Doe Change Nationality.  As a practical matter, the Complaint cannot be served on John Doe defendants without more information about their identity.  *See e.g., Campbell v. Sposato,* No. 15-CV-00871 (SJF)(GRB), 2015 WL 1930180, at \*4 (E.D.N.Y. Apr. 28, 2015) ("The United States Marshal Service [ ] will not be able to effect service of the summonses and the complaint on the unnamed defendants without more information regarding their identity.")  While the "Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of John Doe [defendants]," *id.* (citing *Valentin v. Dinkins,* 121 F.3d 72 (2d Cir. 1997) (per curiam)), Mr. Jones has not provided enough information for the Court to assist in locating these named Defendants.

Finally, even if Mr. Jones had identified the Defendants with sufficient particularity, his Complaint must be dismissed because he fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1).  Section 1983 provides a vehicle to redress the violation of constitutionally or federally protected rights by persons acting under color of state law.  42 U.S.C. §1983; *see generally Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (finding that to state a claim under section 1983, "[f]irst, the plaintiff must allege that some person has deprived him of a federal right [and] [s]econd, he must allege that the person who deprived him of that right acted under color of state or territorial law.") (citation omitted).  Mr. Jones has no constitutionally or federally protected right to receive a long-form birth certificate from the DOC.[2]  Thus, he has

---

[2] In Connecticut, birth certificates are maintained by the Registrar of Vital Statistics in the town

failed to state a claim under section 1983.  *See* Fed. R. Civ. P. 8 (providing that a complaint

needs to contain a "short and plain" statement of facts showing that the pleader is entitled to

relief).  Nor can this Court locate any cases finding a constitutionally or federally protected right

to DNA testing to ascertain a person's nationality or ancestry.

Because Mr. Jones has not alleged facts showing the violation of any constitutionally or

federally protected rights, there is no factual or legal basis for this action.  Accordingly, the

Complaint must be dismissed**.**  28 U.S.C. §1915A(b)(1).

### ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The Complaint, ECF No. 1, is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)     The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of July 2015.


/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

where a person was born or by the Department of Public Health.  *See* Conn. Gen. Stat. §§7-42, 7-48, 7-55.